# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NEXUS DISPLAY TECHNOLOGIES LLC, | § § § § § § § § § § § | |
| Plaintiff, | | |
| | | CIVIL ACTION NO. 2:14-CV-763 |
| vs. | | MEMBER CASE |
| LENOVO (UNITED STATES), INC., | | |
| Defendant. | | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Lenovo (United States), Inc.'s ("Lenovo") Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Docket No. 21). For the reasons stated herein, Lenovo's motion is **DENIED**.

## BACKGROUND

On July 11, 2014, Plaintiff Nexus Display Technologies, LLC ("NDT") filed the above-styled action against Lenovo alleging its various displays, monitors, desktops, workstations, and laptops (collectively, "Accused Products") infringe United States Patent Numbers 5,835,498 (" '498 Patent"), 7,143,328 (" '328 Patent"), 7,295,578 ( " '578 Patent"), and 7,599,439 (" '439 Patent") (collectively, the "Asserted Patents"). On February 5, 2015, Lenovo filed its motion requesting transfer to the Northern District of California. Docket No. 21 at 1. In its reply brief, filed on April 27, 2015, Lenovo instead argues that the Central District of California is a more appropriate venue than the Northern District of California, but that either district is more convenient than the Eastern District of Texas. Docket No. 24 at 1. NDT is a Texas limited liability company, with its principal place of business in Plano, Texas. Docket No. 23 at 4.

1

Lenovo is a Delaware corporation with its headquarters in Morrisville, North Carolina. Docket Nos. 1 at ¶ 2; 23 at 4; and 24 at 2.

## LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). The first inquiry when analyzing a case's eligibility for section 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53 (5th Cir. 1963); *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). The private factors are: 1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198. The public factors are: 1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *In re Volkswagen I*, 371 F.3d at 203; *In re Nintendo*, 589 F.3d at 1198.

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am. Inc.*, 545 F.3d 304, 314–15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice

of venue contributes to the defendant's burden in proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315; *In re Nintendo*, 589 F.3d at 1200. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314–15.

## DISCUSSION

At the time Lenovo filed its motion, it moved to transfer this case from the Eastern District of Texas ("E.D. Tex.") to the Northern District of California ("N.D. Cal.") under 28 U.S.C. § 1404(a). Docket No. 21 at 1. In its reply brief, Lenovo requests to transfer this case to the Central District of California ("C.D. Cal."). Docket No. 24 at 1. As the Court is to consider the circumstances at the time the motion was filed, the following analysis will focus on Lenovo's request to transfer to N.D. Cal.[1]

### I. Threshold – Eligibility for Transfer

Lenovo is organized under Delaware law and headquartered in Morrisville, North Carolina, within the Eastern District of North Carolina. Docket Nos. 1 at ¶ 2; 23 at 4; and 24 at 2. Lenovo contends that its commercial activity in the N.D. Cal.—selling the Accused Products—subjects it to personal jurisdiction in the N.D. Cal. Docket No. 21 at 7. NDT does not dispute whether or not this case could have originally been brought in the N.D. Cal. Thus, the threshold inquiry is satisfied, and the Court turns to the public and private interest factors.

---

[1] In its reply brief, Lenovo does not fully analyze the venue factors with respect to its request to transfer venue to the C.D. Cal. The Court is not in a position to project its own reasons whether venue in the C.D. Cal. would be more proper than the E.D. Tex.

## II. Convenience

### A. Private Factors

#### i. *Relative Ease of Access to Sources of Proof*

This factor is a relevant part of the transfer analysis despite technological advances that make transporting large volumes of documents across the country more convenient. *In re Volkswgen II*, 545 F.3d at 316. Consequently, courts analyze the distance documents must be transported from their physical location to the trial venue, acting under the assumption that electronically stored documents are, in fact, physical. *See id.* In addition, courts presume that the bulk of all relevant evidence will come from the accused infringer. *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Finally, parties must identify sources of proof with some specificity such that the court may determine whether transfer will increase the convenience of the parties. *J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, No. 6:08-CV-211, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009).

Lenovo contends that the bulk of all relevant documents pertaining to infringement are located in California. Docket No. 21 at 8–9. Lenovo contends that as an Acacia Research Group subsidiary, NDT's connection to the E.D. Tex. is "recent, ephemeral, and an artifact of litigation." *Id.* at 9. Additionally, documents related to the prosecution of the Asserted Patents are located in the N.D. Cal. *Id.* at 8–9. Lenovo argues that NDT's only basis for infringement is the Accused Products' operative components' compliance with the DisplayPort standard. *Id.* at 8. Lenovo contends that those operative components are designed and sourced by third parties located in the N.D. Cal. and those documents are what should be considered the primary source of proof. *Id.*

4

NDT responds that, as the accused infringer, it is Lenovo's documents involving the Accused Products that are most important. Docket No. 23 at 3–4. NDT argues that documents relating to the Accused Products are more accessible to the E.D. Tex. than the N.D. Cal. because Lenovo is headquartered in Morrisville, North Carolina. *Id.* NDT contends that being a subsidiary of Acacia Research Group has little relevance to this litigation because there are 12 employees in Plano whose work involves business development, engineering, licensing, management, office management, and administrative functions. *Id.* at 4–5.

The Court is mindful that Lenovo asserts it does not have the bulk of information, but that several different third-party entities ("including Intel, AMD, and NVIDIA") are located in the N.D. Cal. and are in possession of the pertinent documents. Docket No. 21 at 8. While Lenovo identifies that these third-party entities have "technical documents" relating to operative components in the Accused Products, Lenovo does not identify which documents relating to the operative components would be attributed to a specific third-party. Although such evidence might be relevant, it cannot be the sole focus of the venue analysis because it is Lenovo's Accused Products that are subject to this litigation, not a group of third-parties' operative components. It is somewhat difficult to accept Lenovo's argument that all relevant documents relating to Lenovo's Accused Products are solely in the hands of third-parties. Contrary to these blanket assertions, it is the accused infringer and producer of the Accused Products, Lenovo, that most likely has the bulk of the information relating to infringement. Lenovo is headquartered in Morrisville, North Carolina, significantly closer to the E.D. Tex. than the N.D. Cal. Finally, NDT states its documents related to the Asserted Patents are located in Houston and Plano, Texas, and in Southern California. Docket No. 23-9 at ¶ 8 (Decl. of Marvin Key). Accordingly, this factor weighs against transfer.

### ii. *The Availability of the Compulsory Process to Secure the Attendance of Witnesses*

This factor weighs in favor of transfer when more third-party witnesses reside within the transferee venue and when the transferee venue is said to have "absolute subpoena power" over these third-party witnesses. *In re Volkswagen II*, 545 F.3d at 316. "Absolute subpoena power" is subpoena power for both depositions and trial. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Additionally, courts give more weight to those specifically identified witnesses and afford less weight to vague assertions that witnesses are likely located in a particular forum. *See Novelpoint Learning v. Leapfrog Enter.*, No. 6:10-CV-229, 2010 WL 5068146, at *6 (E.D. Tex. Dec. 6, 2010) (stating that the Court will not base its conclusion on unidentified witnesses); *see also West Coast Trends, Inc. v. Ogio Int'l, Inc.*, No. 6:10-CV-688, 2011 WL 5117850, at *3 (E.D. Tex. Oct. 27, 2011).

The amended Rule 45 provides the presiding court with the power to issue nationwide deposition subpoenas and compel testimony so long as the trial, hearing, or deposition is to take place within 100 miles of the witness's residence or regular place of business. FED. R. CIV. P. 45(a)(2), 45(b)(2), 45(c)(1)(A); *see* Committee Notes on Rules—2013 Amendment ("The [2013] amendments recognize the court where the action is pending as the issuing court, permit nationwide service of subpoena and collect in a new subdivision (c) the previously scattered provisions regarding place of compliance."). The proffering party now has the option to depose the non-party witness near that witness's residence or regular place of business, and later present the witness's deposition testimony at trial without the involvement of a second district court. *See* FED. R. CIV. P. 32(a)(4) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds…that the witness is more than 100 miles from the place of hearing or trial ….").

Lenovo contends it will be prejudiced if this case remains in the E.D. Tex. because they will not be able to compel non-party witnesses to appear for trial. Docket No. 21 at 10. NDT responds that Lenovo failed to identify a single third-party witness by name in its motion. Docket No. 23 at 5. NDT contends that any Intel witness will assist Lenovo regardless of forum because of Intel's indemnification agreement with Dell. *Id.* at 5–6. NDT argues that because of Lenovo and Intel's agreement, "subpoena power over Intel is unnecessary and irrelevant to the transfer analysis." *Id.* NDT further argues that it is rare for third-party witnesses to appear in a patent trial. *Id.* at 5.

Under amended Rule 45(c)(1)(A), only in the N.D. Cal. may Lenovo secure its non-party witnesses to attend trial. Both the E.D. Tex. and the N.D. Cal., however, may instruct these witnesses to attend and subject them to being deposed. FED. R. CIV. P. 45(a)(2) and 45(c)(1)(A). The Fifth Circuit observed that a videotape deposition would serve as an acceptable substitute for live testimony. *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000) (citing *United States v. Tunnell*, 667 F.2d 1182, 1188 (5th Cir. 1982)). While there is some benefit to providing live witnesses at trial, the Court is not convinced that using the non-party witnesses' deposition as opposed to live testimony at trial would seriously inconvenience Lenovo or NDT. *See In re Genentech*, 566 F.3d at 1346 ("The Supreme Court has long held that § 1404(a) requires individualized, case-by-case consideration of convenience and fairness.") (internal quotation omitted). If the parties know beforehand that depositions will be used at trial, any inconvenience of not having the witnesses appear live is reduced even further. Separately, Lenovo has not addressed how the indemnification agreement factors into this analysis. Thus, this factor is neutral.

### iii. *The Cost of Attendance of Willing Witnesses*

In analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. District courts should assess the relevance and materiality of the information the witness may provide, but there is no requirement that the movant demonstrate that the witness has anything more than relevant and material information. *In re Genentech, Inc.*, 566 at 1343–44.

The Fifth Circuit established a "100 mile rule" to assist with analysis of this factor. *See In re Volkswagen I*, 371 F.3d at 204–205; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home …."). The threshold question is whether the transferor and transferee venues are more than 100 miles apart. *See In re Volkswagen II*, 545 F.3d at 217. If so, then a court compares the respective distances between the residences of all the identified material and relevant witnesses and the transferor and transferee venues. *Id.* Transfer is favored if the transferee venue is a shorter average distance from witnesses as compared to the transferor venue. *See id.*

Lenovo argues that this factor favors transfer. Docket No. 21 at 10–11. Lenovo states that no known witnesses are located in the E.D. Tex., and all relevant witnesses are in California. *Id.* at 11. Lenovo argues that travel to San Francisco is more convenient for NDT's identified witnesses because travel to California is in the foreseeable future. Docket No. 24 at 2. NDT argues that both sides' party witnesses are from Texas or North Carolina, making the E.D. Tex. is clearly more convenient than the N.D. Cal. *Id.* at 7.

In sum, potential witnesses exist within or near both the N.D. Cal. and the E.D. Tex. Party witnesses are located in Texas and North Carolina, while unidentified non-party witnesses

are generally in California. Based on Lenovo's disregard for its home presence in North Carolina, the Court is somewhat concerned that Lenovo is not being fully forthcoming with the Court regarding its venue request. Accordingly, this factor weighs slightly against transfer.

### iv. *Other Practical Problems*

Practical problems include those related to judicial economy. In particular, multiple suits involving the same or similar issues may create practical problems that will weigh in favor of or against transfer. *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Additionally, co-pending litigation before the court involving the same patent and underlying technology provides a substantial justification for maintaining the suit in the transferor venue. *Id.*

Lenovo contends that transfer to the N.D. Cal. will cause no practical concerns given the early state of the case, and that NDT has other pending lawsuits involving the Asserted Patents in the C.D. Cal. Docket No. 21 at 11. NDT responds that judicial economy weighs heavily against transfer because transfer to the N.D. Cal. will result in a third court being involved with the Asserted Patents, which will waste judicial resources and enhance NDT's risk of inconsistent claim constructions. Docket No. 23 at 8–9.

At the time of filing, there were multiple related actions[2] pending in the E.D. Tex. and the C.D. Cal., and none in the N.D. Cal. The Court sees no reason—based on judicial economy—to add a third court involved with the Asserted Patents. Accordingly, this factor strongly disfavors transfer.

### B. Public Interest Factors

Lenovo maintains that all of the public interest factors are neutral except local interest. Docket No. 21 at 12–13. NDT contends that the local interest and court congestion factors

---
[2] Currently, there is only one related action in the E.D. Tex.

weigh against transfer and the remaining two factors—familiarity with the relevant law and avoiding unnecessary conflicts of law—are neutral. Docket No. 23 at 10.

### i. *The Local Interest in Having Localized Interests Decided at Home*

The Fifth Circuit explained that "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *In re Volkswagen I*, 371 F.3d at 206. Interests that could apply to any district in the United States, for example the sale of infringing products, are disregarded in favor of particularized local interest. *In re Volkswagen II*, 545 F.3d at 218. Local interests may favor transfer when the transferee venue is home to a party because the suit may call into question the reputation of individuals that work and conduct business in the community. *See Hoffman-La Roche*, 587 F.3d at 1336.

Lenovo contends that the N.D. Cal. strong interest in this case because of the third-parties involved. Docket No. 21 at 12. Lenovo argues that NDT's recent ties to Texas should not be given consideration. Docket No. 21 at 12. NDT responds that "suppliers not parties," and that it is the claims against Lenovo that are subject to this inquiry. Docket No.23 at 11.

Precedent dictates that local interest may favor transfer when the transferee venue is home to a party. Here, the N.D. Cal. is not home to either party involved in this litigation. Accordingly, this factor is slightly against transfer.

### ii. *Administrative Difficulties Flowing from Court Congestion*

NDT argues this factor weighs against transfer because the statistical analysis supports that the E.D. Tex. may resolve this case more timely than the N.D. Cal. Docket No. 23 at 11–12. Lenovo contends that the difference between the two districts (43 days) is negligible. Docket No. 24 at 5. While the Federal Circuit "note[s] that this factor appears to be the most

speculative…and case-disposition statistics may not always tell the whole story," 43 days is fairly negligible. *In re Genentech*, 566 F.3d at 1347. Accordingly, this factor is neutral.

### iii. *The Remaining Public Interest Factors*

The parties maintain that the familiarity with the relevant law and avoiding unnecessary conflicts of law are neutral. Docket Nos. 21 at 12–13; and 23 at 10 and 12.

## CONCLUSION

For the reasons stated above, Lenovo failed to establish that the Northern District of California is a clearly more convenient forum. Based on the evidence presented, four convenience factors weigh against transfer, and four factors are neutral. Thus, Lenovo has not proved that the Northern District of California is clearly more convenient. Accordingly, the Court **DENIES** Defendant Lenovo, Inc.'s Motion to Transfer (Docket No. 64).

**So ORDERED and SIGNED this 25th day of August, 2015.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE